UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN T. MILLER,

        Petitioner,

v.

GARY FLEMING,

        Respondent.

Case No. C05-5661FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
April 7th, 2006

        The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates' Rules MJR 3 and MJR 4.

        The petitioner filed this petition and on the same day moved to stay the action as he is currently in state court litigating issues related to his conviction in a personal restraint petition. (Dkt. # 5 and 6). The court entered a show cause order and explained:

> The Untied States Supreme Court has recently addressed the stay and abeyance of habeas corpus petitions. <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S. Ct. 1528. A district Court has discretion to stay a petition, but the courts discretion has had limits placed on it by the passage of the Antiterrorism and Effective Death Penalty Act, AEDPA. The stay and abeyance process should only be used when there is good cause for not exhausting the issue prior to filing the petition.

        Petitioner did not respond to the order to show cause and his motion was denied. The court

REPORT AND RECOMMENDATION
Page - 1

now has an unexhausted petition before it and the petition should be dismissed without prejudice to allow petitioner the opportunity to exhaust in state court and then re-file if he is not time barred.

## DISCUSSION

Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985). Petitioner still has claims in state court by his own admission. (Dkt. # 5 and 6). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. <u>Duncan v. Henry</u>, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. <u>Id</u>, *citing* <u>Picard v. Connor</u>, 404 U.S. 270 (1971) and <u>Anderson v. Harless</u>, 459 U.S. 4 (1982). The claims in this petition are unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. <u>Rose v, Lundy</u>, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 7th, 2006** as noted in the caption.

DATED this 13th day of March, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge